```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
JOHN GARTMAN,                    :

    Petitioner,                  :

v.                               :      CIVIL ACTION 07-0210-WS-M

FREDDIE BUTLER,                  :

    Respondent.                  :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Freddie Butler and against Petitioner John Gartman pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of three counts of reckless murder in the Circuit Court of Mobile County on October 2, 2002 for which he received three life sentences, to be served concurrently, in the state penitentiary (Doc. 1, p. 2).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 1, p. 3).  The Alabama Supreme Court denied

Gartman's petition for writ of *certiorari* on March 12, 2004 (Doc. 1, pp. 3-4). A certificate of judgment was entered on that same date (Doc. 7, Exhibit J).

Petitioner filed a State Rule 32 petition on March 11, 2005 (Doc. 9, Exhibit 2A, pp. 27-45). Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, finding the claims to be without merit (Doc. 7, Exhibit 2D). Petitioner's application for rehearing was denied (Doc. 7, Exhibit 2F); his petition for *certiorari* was denied on September 15, 2006, the same date that the Alabama Court of Criminal Appeals issued a certificate of judgment (Doc. 7, Exhibits 2H and I).

Petitioner filed a complaint with this Court on March 19, 2007 raising the following claims: (1) His trial counsel rendered ineffective assistance; (2) his appellate counsel rendered ineffective assistance; (3) the prosecutors improperly suppressed evidence; (4) the evidence was insufficient to convict him; and (5) the charge to the jury was improper (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 7, pp. 8-12). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on March 12, 2004, the day on which the Alabama Court of Criminal Appeals issued the certificate of judgment. However, because Petitioner had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him-whether he actually sought review or not. *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001). Ninety days after March 12, 2004 is June 10, 2004; this means that the Statute of Limitations clock began to run on June 11, 2004.

Petitioner's habeas corpus petition was not filed in this Court until March 19, 2007, more than two years after the one-year grace period had expired. However, Petitioner filed a Rule 32 petition in the State courts on March 11, 2005, before the grace period had expired. The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

3

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The Court notes that 274 days passed from the time the clock began running until it stopped, when Gartman filed his Rule 32 petition.  The State did not finish with that Rule 32 action until September 15, 2006.  The clock began running again the next day and ran until March 19, 2007, the date this action was filed.  During that period, another 185 days passed.  The total period of time which passed was 459 days.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  The Court notes that Gartman has argued that his health and advanced age of 71 kept him from filing this action in a timely manner (Docs. 10-11).  The Court finds, however, that these reasons are insufficient and that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Freddie Butler and against Petitioner John Gartman pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

4

                    AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United

States will pay the cost of the transcript.

DONE this 11th day of May, 2007.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE